```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


UNITED STATES OF AMERICA,              )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )    No. 4:09 CR 166 RWS
                                       )                     DDN
ISAIAS GUZMAN-BUSIO,                   )
MARIA GUADALUPE QUINTERO-BOBADILLA,    )
TARSICIO CORREA-GUIJOZA,               )
RAZA KAZAMI, and                       )
LAIS MOHAMMAD NOORI,                   )
                                       )
          Defendants.                  )
```

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the pretrial motions of the parties which were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). A hearing was held on April 21, 2009. The court discusses the status of each defendant seriatim.

### Isaias Guzman-Busio

On February 27, 2009, the Count 1 charge against defendant Isaias Guzman-Busio was dismissed. (Doc. 64.)

### Maria Guadalupe Quintero-Bobadilla

On April 9, 2009, defendant Maria Guadalupe Quintero-Bobadilla waived her rights to bring pretrial motions and her case is now before the district judge for further proceedings. (Doc. 107.)

### Tarsicio Correa-Guijoza

On April 21, 2009, defendant Tarsicio Correa-Guijoza waived his rights to bring pretrial motions (Doc. 113) and his case is now before the district judge for further proceedings.

## Raza Kazami

### Doc. 93

Defendant Raza Kazami has moved for disclosure of statements of co-defendants and co-conspirators. In response, counsel for the United States indicated, and counsel for the defendant agreed, that such evidence has been provided to the defendant. Therefore, this motion will be denied as moot.

### Doc. 94

Defendant has moved for a declaration by the government of its intention to offer evidence under the residual hearsay exception of Federal Rule of Evidence 807. In response, counsel for the government indicated that it has no such evidence at this time. At the request of defendant, the court will order the government to disclose such evidence, if it acquires such.

### Doc. 95

Defendant Kazami has moved for a declaration by the government of its intention to offer evidence under Federal Rule of Evidence 404(b). In response, counsel for the government indicated that it has no such evidence at this time. At the request of defendant, the court will order the government to disclose such evidence, if it acquires such.

### Doc. 96

Defendant has moved for severance of his case for a trial separate from the trial of the co-defendants. In response, the government agrees that the defendants remaining for trial should be tried separately, because a joint trial might violate the defendants' respective rights under Bruton v. United States, 391 U.S. 123 (1968). Therefore, the court will recommend that the defendants remaining for trial be tried separately.

### Doc. 97

Defendant Kazami has moved for disclosure of the identification of the confidential informant who was involved in the government's investigation. Under Roviaro v. United States, 353 U.S. 53 (1957), a defendant is not necessarily entitled to discovery of an informant's identity. Rather, the court must balance the defendant's need to know

the identity of the informant with the public's interest in keeping the identity confidential. The defendant's need for disclosure might be established by showing that the informant was a material witness to the events to be proved at trial or that the informant's testimony is crucial to his defense. Roviaro, 353 U.S. at 64-65; United States v. Feldewerth, 982 F.2d 322, 324 (8th Cir. 1993); United States v. Rodrequez, 859 F.2d 1321, 1326 (8th Cir. 1988); United States v. Bourbon, 819 F.2d 856, 860 (8th Cir. 1987). The public interest in preserving the informant's anonymity and encouraging citizens to report crimes is very strong. Roviaro, 353 U.S. at 59-62; see also United States v. Curtis, 965 F.2d 610, 613-14 (8th Cir. 1992).

In response to the motion, counsel for the United States indicated that the subject person was a witness to the facts the government intends to prove in its case-in-chief at trial and that this person will be called as a government witness at trial. Therefore, it is clear that the confidential informant is a material witness whose identity ought to be disclosed to the defense.

Counsel for the government further indicated that the defendants have some information about the confidential informant, although not the informant's name and location. Defendant Noori argued that he wants to investigate the informant in preparing for a trial.

Generally, pretrial disclosure of evidence to the defense is limited. Under Federal Rule of Criminal Procedure, the government is required to provide a defendant with that defendant's oral and recorded statements, that defendant's prior criminal record, an opportunity to inspect and copy certain categories of physical evidence, and certain information about expert witnesses. See Fed. R. Crim. P. 16(a)(1). Information the defense is not entitled to is set forth in Rule 16(a)(2)(including "statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500" (Jencks Act)).

Thus, generally, the government is not required to provide the defense with the identification of its trial witnesses. United States v. White, 750 F.2d 726, 728 (8th Cir. 1984). However, the court may order such disclosure in a proper case. United States v. DeCoteau, 186 F.3d 1008, 1010 n. 2 (8th Cir. 1999). Pretrial preparation for the

government's case or evidence is not a proper reason for requiring the government to disclose its witnesses.

However, a defendant's constitutional entitlement to government information comes into play when the information is important to either impeachment of government evidence or to proving a defendant's defense. Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); see also Strickler v. Greene, 527 U.S. 263, 281-82 (1999); Kyles v. Whitley, 514 U.S. 419, 433-34 (1995).

At the hearing on April 21, 2009, counsel for the government indicated that the confidential informant's information is not helpful to impeaching government evidence or to establishing a defense. However, that is not for the government to decide, given that it agrees that the confidential informant is a material witness. See Roviaro, 353 U.S. at 629 ("The desirability of calling John Doe as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide.").

Given the relevance and the importance of the confidential informant's testimony to the trial, the government must enquire of the confidential informant whether or not that person would voluntarily agree to being interviewed by defense counsel, even remotely by telephone and for a limited period of time. If the government determines that the informant objects to being interviewed by defense counsel before trial, the government is not required to make the informant available for this purpose. If the confidential informant would submit to such an interview, the informant shall be made available for an interview under conditions agreeable by all parties, including the informant. If the informant advises the government that he or she would not agree to such an interview, such an interview will not be ordered.

If the confidential informant is called as a government witness at trial, any favorable information (Brady and Giglio information) or Jencks Act material about the informant must be provided to the defense as in any case. As stated above, counsel for the United States has stated that it has no defense-favorable information regarding the confidential informant. If that remains the government's position, but

it ultimately does not call the confidential informant as a witness, it shall disclose the person's identity and location for service of a defense subpoena.

## Doc. 99

Defendant Kazami has moved for disclosure of expert witness reports. Counsel for the government indicated that it will provide them as required. The court will order them disclosed to the defense at noon on the Friday before trial.

## Lais Mohammad Noori

### Doc. 109

Defendant Lais Mohammad Noori has moved for severance for a trial separate from any other co-defendant. As set forth above, the undersigned recommends the severance of all defendants for a separate trial.

### Doc. 108

Defendant Noori has moved to dismiss Count 1 for failure to allege specific facts supporting the essential elements of the charged offense.

To be legally sufficient on its face, the indictment must contain all the essential elements of each offense charged; it must fairly inform each defendant of the charge against which he must defend; and it must allege sufficient information to allow a defendant to plead a conviction or an acquittal as a bar to a future prosecution. U.S. Const. amends. V and VI; Fed. R. Crim. P. 7(c)(1)[1]; Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001). Generally, using more specific language than that of the underlying statute is not required for an indictment to be legally sufficient on its face. United States v. Resendiz-Ponce, 549 U.S. 102, 109 (2007); Hamling, 418 U.S. at 117.

---

[1] Specifically, Rule 7(c)(1) provides, in pertinent part: "The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. . . ." See Fed. R. Crim. P. 7(c)(1).

In this case, defendant Noori is charged only in Count 1, with "knowingly and willfully" conspiring with the three co-defendants

> to distribute and possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21 United States Code, Section 846; and The quantity of cocaine involved in the offense was in excess of 500 grams, thus making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii).

The alleged place of the conspiracy is the City of St. Louis and the alleged time period of the conspiracy is from January 16, 2009 to January 27, 2009. (Doc. 1.)

The indictment alleges all the essential elements of the charged violation of § 846,[2] i.e., that each defendant (1) knowingly and willfully (2) agreed with another person (3) to violate the federal narcotics laws (to distribute cocaine). An overt act in furtherance of the alleged conspiracy is not an element of an offense under § 846. See United States v. Robinson, 217 F.3d 560, 564 (8th Cir. 2000); United States v. Shoffner, 71 F.3d 1429, 1433 (8th Cir. 1995); United States v. Covos, 872 F.2d 805, 810 (8th Cir. 1989).

Defendant argues that, although the indictment may allege the essential elements of the Count 1 offense, it does not allege specific facts which establish the offense. The undersigned disagrees. The indictment alleges the time frame of the alleged offense (January 16-27, 2009); it alleges the general location (St. Louis City); it identifies the members of the conspiracy (the named co-defendants); and it identifies the type of drug involved (cocaine). More specific information is not required. United States v. Olderbak, 961 F.2d 756, 759-60 (8th Cir. 1992).

Whereupon,

**IT IS HEREBY ORDERED** that the motion of the United States for a determination of the admissibility *vel non* of any arguably suppressible

---

[2] 21 U.S.C. § 846 provides, in pertinent part: "Any person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties. . . ." See 21 U.S.C. § 846.

evidence (Docs. 71, 83 oral motions; and Doc. 86 documentary motion) are denied as moot.

**IT IS FURTHER ORDERED** that the discovery request document docketed as a motion for discovery, filed by defendant Raza Kazami, (Doc. 92) is ordered to be administratively terminated because it does not call for relief from the court.

**IT IS FURTHER ORDERED** that the motion of defendant Raza Kazami for disclosure of statements of co-defendants and co-conspirators (Doc. 93) is denied as moot.

**IT IS FURTHER ORDERED** that the motion of defendant Kazami for a declaration by the government of its intention to offer evidence under the residual hearsay exception of Federal Rule of Evidence 807 (Doc. 94) is denied as moot.  However, if the government acquires such evidence, it shall disclose it to the defendant not later than seven days before trial.

**IT IS FURTHER ORDERED** that the motion of defendant Kazami for a declaration by the government of its intention to offer evidence under Federal Rule of Evidence 404(b)(Doc. 95) is denied as moot.  However, if the government acquires such evidence, it shall disclose it to the defendant not later than seven days before trial.

**IT IS FURTHER ORDERED** that the motion of defendant Kazami for disclosure of the identification of the confidential informant in this case (Doc. 97) is sustained, only as set forth in pages 4-5 above. Otherwise, the motion is denied.

**IT IS FURTHER ORDERED** that the motion of defendant Kazami for disclosure of expert witness reports (Doc. 99) is sustained.   The government shall disclose the reports of its expert witnesses not later than noon on the Friday before trial.

**IT IS FURTHER ORDERED** that the motion of defendant Kazami for leave to withdraw his motions to suppress evidence (Doc. 110) is sustained.

**IT IS FURTHER ORDERED** that the motion of the United States for leave to file a response to defense motions (Doc. 112) is sustained.

**IT IS FURTHER ORDERED**, for administrative purposes, that the still pending motion of attorney Kevin Schriener for leave to withdraw from representing defendant Raza Kazami (Doc. 33) is sustained.

**IT IS HEREBY RECOMMENDED** that the motions of defendant Raza Kazami (Doc. 96) and of defendant Lais Mohammad Noori (Doc. 109) for severance of their respective cases for separate trials be sustained.

**IT IS HEREBY RECOMMENDED** that the motion of defendant Lais Mohammad Noori to suppress evidence (Doc. 81 oral motion) be denied as moot.

**IT IS HEREBY RECOMMENDED** that the motion of defendant Noori to dismiss Count 1 as legally insufficient on its face (Doc. 108) be denied.

**IT IS HEREBY RECOMMENDED** that the motion of defendant Raza Kazami to suppress evidence and statements (Doc. 69 oral motion and Doc. 98 documentary motion) be denied because they were withdrawn.

The parties are advised that they have ten days from today to file documentary objections to this Order and Recommendation. The failure to file timely documentary objections may waive the right to appeal issues of fact.

As directed by the District Judge, this matter is set for a jury trial on the docket commencing **July 6, 2009, at 9:00 a.m.**

　　　　　　　　　　　　　　　　　　/S/   David D. Noce　　　　
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on April 28, 2009.